EXHIBIT A
TO NOTICE OF REMOVAL

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ENDORSED
FILED
ALAMEDA COUNTY

DEC 17 2020

CLERK OF THE SUPERIOR COURT
By M. Williams
Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SMITHS DETECTION, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

VIET NGUYEN, on behalf of himself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER: *(Número del Caso):*<br>RG20084058 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David Keledjian of the Setareh Law Group, 9685 Wilshire Blvd., Suite 430, Beverly Hills, CA 90212 (310) 888-7771

| DATE: DEC 17 2020 December 18, 2020 | Chad Finke, Court Executive Officer | Clerk, by M. Williams | Deputy |
|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Smith's Detection, Inc., a Delaware corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date)* 12/31/20

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  | Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
2  | David Keledjian (SBN 309135)
david@setarehlaw.com
3  | SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
4  | Beverly Hills, California 90212
Telephone (310) 888-7771
5  | Facsimile (310) 888-0109

6  | Attorneys for Plaintiff VIET NGUYEN

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 7 2020

CLERK OF THE SUPERIOR COURT
By: M. Williams
                              Deputy

Filed By Fax

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

VIET NGUYEN, on behalf of himself and all others similarly situated,

     *Plaintiff,*

     vs.

SMITHS DETECTION, INC., a Delaware corporation; and DOES 1 through 50, inclusive,

     *Defendants.*

Case No. **RG 2 0 0 8 4 0 5 8**

**CLASS ACTION COMPLAINT FOR:**

1. Failure to Provide Meal Periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198);
2. Failure to Provide Rest Periods (Lab. Code §§ 204, 223, 226.7 and 1198);
3. Failure to Pay Hourly Wages and Overtime (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198);
4. Failure to Timely Pay All Final Wages (Lab. Code §§ 201, 202 and 203);
5. Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*);

**JURY TRIAL DEMANDED**

CLASS ACTION COMPLAINT

Plaintiff VIET NGUYEN ("Plaintiff"), on behalf of himself, all others similarly situated, and the general public, complain and allege as follows:

## INTRODUCTION

1.      Plaintiff brings this class action against Defendants SMITHS DETECTION, INC., a Delaware corporation; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code and California Business and Professions Code. As set forth below, Plaintiff alleges that Defendants have:

(1)      failed to pay them at least minimum wage for all hours worked;

(2)      failed to pay them overtime wages at the correct rate;

(3)      failed to pay them double time wages at the correct rate;

(4)      failed to pay them overtime and/or double time wages by failing to include all applicable remuneration in calculating the regular rate of pay;

(5)      failed to provide him and all other similarly situated individuals with meal periods;

(6)      failed to provide them with rest periods;

(7)      failed to pay them premium wages for missed meal and/or rest periods; and

(8)      failed to pay them all of their final wages following separation of employment.

Based on these alleged Labor Code violations, Plaintiff now brings this class action to recover unpaid wages, liquidated damages, penalties, restitution and related relief on behalf of himself, all others similarly situated, and the general public.

2.      **JURISDICTON AND VENUE**

3.      This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

4.      Venue is proper in the County of Alameda pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein.

5.    Venue is proper in Alameda County because Defendants' have at all times alleged herein, conducted business in Alameda County, and throughout California. As such, venue is proper in any county in California.

6.    Plaintiff is informed and believes, and thereupon alleges that the individual claims of the classes defined below are under the $75,000 threshold for federal diversity jurisdiction and the aggregate claim is under the $5,000,000 threshold for federal jurisdiction under the Class Action Fairness Act of 2005.

**PARTIES**

7.    Plaintiff VIET NGUYEN is, and at all relevant times mentioned herein, an individual residing in the State of California.

8.    Plaintiff is informed and believes, and thereupon alleges that Defendant SMITHS DETECTION, INC., is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

9.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants when ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously named defendants are responsible in some manner for the occurrences, acts and omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE defendants when ascertained.

10.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some or all of the defendants were the representatives, agents, employees, partners, directors, associates, joint venturers, joint employers, principals or co-participants of some or all of the other defendants, and in doing the things alleged herein, were acting within the course and scope of such relationship and with the full knowledge, consent and ratification by such other defendants.

11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and

1  conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

2  and omissions alleged herein.

3       12.    This action has been brought and may be maintained as a class action pursuant to Code

4  of Civil Procedure section 382 because there is a well-defined community of interest among the

5  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

6  unaware of any difficulties likely to be encountered in managing this case as a class action.

7       13.    **Relevant Time Period**:  The relevant time period is defined as the time period

8  beginning four years prior to the filing of this action until judgment is entered.

9       **Hourly Employee Class**:  All persons employed by Defendants, collectively or separately,
    and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions
10   in California four years prior to the filing of this action and ending on the date that final
    judgment is entered in this action ("Hourly Employee Class").

11

12       **Meal Period Sub-Class**:  All **Hourly Employee Class** members who worked in a
    shift in excess of five hours during the four years prior to the filing of this action and
13   ending on the date that final judgment is entered in this action.

14       **Rest Period Sub-Class**:  All **Hourly Employee Class** members who worked a shift
    of at least three and one-half (3.5) hours the four years prior to the filing of this action
15   and ending on the date that final judgment is entered in this action.

16       **Waiting Time Penalties Sub-Class**:  All **Hourly Employee Class** members who
    separated from their employment with Defendants during the period beginning three
17   years before the filing of this action and ending when final judgment is entered.

18  **UCL Class**: All **Hourly Employee Class** members employed by Defendants in California
    during the four years prior to the filing of this action and ending on the date that final judgment
19   is entered in this action.

20       14.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right

21  to amend or modify the class definitions with greater specificity, by further division into sub-classes

22  and/or by limitation to particular issues.

23       15.    **Numerosity**:  The class members are so numerous that the individual joinder of each

24  individual class member is impractical.  While Plaintiff does not currently know the exact number of

25  class members, Plaintiff is informed and believes, and thereupon alleges that the actual number

26  exceeds the minimum required for numerosity under California law.

27       16.    **Commonality and Predominance:**  Common questions of law and fact exist as to all

28  class members and predominate over any questions which affect only individual class members.

1    These common questions include, but are not limited to:

2       A.    Whether Defendants maintained a policy or practice of failing to provide
3             employees with their meal periods;

4       B.    Whether Defendants maintained a policy or practice of failing to provide
5             employees with their rest periods;

6       C.    Whether Defendants failed to pay premium wages to class members when they
7             have not been provided with required meal and/or rest periods;

8       D.    Whether Defendants failed to pay minimum and/or overtime wages to class
9             members as a result of policies that fail to provide meal periods in accordance
10            with California law;

11      E.    Whether Defendants failed to pay minimum and/or overtime wages to class
12            members for all time worked;

13      F.    Whether Defendants applied policies or practices that result in late and/or
14            incomplete final wage payments;

15      G.    Whether Defendants are liable to class members for waiting time penalties
16            under Labor Code section 203; and

17      H.    Whether class members are entitled to restitution of money or property that
18            Defendants may have acquired from them through unfair competition;

19      17.   **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff
20   is informed and believes and thereupon alleges that Defendants have a policy or practice of failing to
21   comply with the California Labor Code and Business and Professions Code as alleged in this
22   Complaint.

23      18.   **Adequacy of Class Representative:** Plaintiff is an adequate class representative in
24   that he has no interests that are adverse to, or otherwise conflict with, the interests of absent class
25   members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly
26   and adequately represent and protect the interests of the other class members.

27      19.   **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that
28   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

1  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on behalf
2  of Plaintiff and absent class members.

3        20.  **Superiority:**  A class action is vastly superior to other available means for fair and
4  efficient adjudication of the class members' claims and would be beneficial to the parties and the
5  Court.  Class action treatment will allow a number of similarly situated persons to simultaneously and
6  efficiently prosecute their common claims in a single forum without the unnecessary duplication of
7  effort and expense that numerous individual actions would entail.  In addition, the monetary amounts
8  due to many individual class members are likely to be relatively small and would thus make I difficult,
9  if not impossible, for individual class members to both seek and obtain relief.  Moreover, a class
10  action will serve an important public interest by permitting class members to effectively pursue the
11  recovery of monies owed to them.  Further, a class action will prevent the potential for inconsistent
12  or contradictory judgments inherent in individual litigation.

13  **GENERAL ALLEGATIONS**

14        21.  Plaintiff worked for Defendants from 2006 through March of 2019 as a non-exempt
15  hourly employee.

16        22.  Plaintiff and Class members were not paid proper wages for all hours worked. Plaintiff
17  and class members were regularly required to work off the clock, for which they were never paid
18  wages. Specifically, Defendants also had a policy of automatically deducting thirty minutes and up
19  to an hour, from Plaintiff's and class members' paychecks for unpaid meal periods, regardless of
20  whether they took a meal period or not. Furthermore, what meal periods were taken by putative class
21  members were consistently interrupted by work. Thus, Plaintiff and Class Members were regularly
22  required to work during unpaid meal periods which they were systemically denied. These
23  uncompensated hours were worked in excess of eight (8) hours a day and/or forty (40) hours a week
24  entitled Plaintiff and Class Members to overtime wages which they were systemically denied.

25        23.  Putative class members were not provided with meal periods of at least thirty (30)
26  minutes for each five (5) hour work period due to (1) Defendants' policy of not scheduling or
27  recording each meal period as part of each work shift; (2) no formal written meal policy that
28  encouraged employees to take their meal periods, or that advised putative class members of their meal

5

1  and rest period rights; and (3) Defendants' practice of requiring putative class members to continue

2  working through their meal and rest periods due to the excessive workload. Defendants also had a

3  common policy and practice of automatically deducing 30 minutes, and up to an hour, of wages from

4  putative class members' time whether a meal period was taken or not. Furthermore, what meal periods

5  were taken by putative class members were consistently interrupted by work. Additionally, Plaintiff

6  and putative class members' meal periods were consistently taken after the completion of their fifth

7  hour of work. Moreover, Plaintiff and putative class members were never afforded the opportunity to

8  take second meal periods when they worked in excess if ten (10) hours a day.

9     24.     Putative class members were not provided with rest periods of at least ten (10) minutes

10  for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not

11  scheduling each rest period as part of each work shift; (2) no formal written rest period policy that

12  encouraged employees to take their rest periods, or that advised putative class members of their meal

13  and rest period rights; and (3) Defendants' practice of requiring putative class members to continue

14  working through their rest breaks due to the excessive workload. Putative class members were often

15  given work-related tasks to complete during their rest periods and were never provided the

16  opportunity to take uninterrupted rest breaks to which they were entitled.

17  **FIRST CAUSE OF ACTION**

18  **FAILURE TO PROVIDE MEAL PERIODS**

19  **(Lab. Code §§ 004, 223, 226.7, 512 and 1198)**

20  **(Plaintiff and Meal Period Sub-Class)**

21     25.     Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if

22  fully alleged herein.

23     26.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been

24  non-exempt employees of Defendant entitled to the full meal period protections of both the Labor

25  Code and the applicable Industrial Welfare Commission Wage Order.

26     27.     Labor Code section 512 and Section 11 of the applicable Industrial Welfare

27  Commission Wage Order impose an affirmative obligation on employers to provide non-exempt

28  employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period

1 of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty

2 minutes for each work period of ten hours.

3     28.    Labor Code section 226.7 and Section 11 of the applicable Industrial Welfare

4 Commission Wage Order ("Wage Order") both prohibit employers from requiring employees to work

5 during required meal periods and require employers to pay non-exempt employees an hour of

6 premium wages on each workday that the employee is not provided with the required meal period.

7     29.    Compensation for missed meal periods constitutes wages within the meaning of Labor

8 Code section 200.

9     30.    Labor Code section 1198 makes it unlawful to employ a person under conditions that

10 violate the applicable Wage Order.

11     31.    Section 11 of the applicable Wage Order states:

12     "No employer shall employ any person for a work period of more than five (5) hours
without a meal period of not less than 30 minutes, except that when a work period of
13 not more than six (6) hours will complete the day's work the meal period may be
waived by mutual consent of the employer and employee. Unless the employee is
14 relieved of all duty during a 30 minute meal period, the meal period shall be considered
an 'on duty' meal period and counted as time worked. An 'on duty' meal period shall
15 be permitted only when the nature of the work prevents an employee from being
relieved of all duty and when by written agreement between the parties an on-the-job
16 paid meal period is agreed to. The written agreement shall state that the employee
may, in writing, revoke the agreement at any time."
17

18     32.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period

19 agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class**

members were not subject to valid on-duty meal period agreements with Defendants.
20

21     33.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

22 Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

**Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5)
23

24 hour work period, as required by Labor Code section 512 ad the applicable Wage Order.

25     34.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

26 Defendants maintained a policy or practice of failing to pay premium wages to **Meal Period Sub-**

**Class** members when they worked five (5) hours without clocking out for any meal period.
27

28     35.    Plaintiff alleges that, at all relevant times during the applicable limitations period,

1    Defendants maintained a policy or practice of automatically deducting one-half hour, and up to an

2    hour, for a meal period from the paychecks of **Meal Period Sub-Class** members on each day they

3    worked, regardless of whether or not they were able to take an uninterrupted, duty-free meal period.

4    Furthermore, what meal periods were taken by **Meal Period Sub-Class** members were consistently

5    interrupted by work. Additionally, Plaintiff and **Meal Period Sub-Class** members' meal periods were

6    consistently taken after the completion of their fifth hour of work. Moreover, Plaintiff and **Meal**

7    **Period Sub-Class** members were never afforded the opportunity to take second meal periods when

8    they worked in excess if ten (10) hours a day.

9      36. Plaintiff alleges that, at all relevant times during the applicable limitations period,

10   Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period**

11   **Sub-Class** with a second meal period when they worked shifts of ten or more hours and failed to pay

12   them premium wages as required by Labor Code 512 and the applicable Wage Order.

13     37. Moreover, Defendants written policies fail to inform Meal period Class Members of

14   their meal period, and second meal period, rights under the Labor Code and applicable Wage Orders.

15     38. At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-**

16   **Class** members additional premium wages, and/or were not paid premium wages at the employees'

17   regular rates of pay when required meal periods were not provided.

18     39. Pursuant to Labor Code section 204, 218.6, 226.7 and 512, Plaintiff, on behalf of

19   himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest

20   thereon, and costs of suit.

21     40. Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

22   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and the

23   **Meal Period Sub-Class** members, seek to recover reasonable attorneys' fees.

24   ///

25   ///

26   ///

27   ///

28   ///

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

41. Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

42. At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor Code and the applicable Wage Order.

43. Section 12 of the applicable Wage Order imposes an affirmative obligation on employers to permit and authorize employees to take required rest periods at a rate of no less than ten minutes of net rest time for each four hour work period, or major fraction thereof, that must be in the middle of each work period insofar as practicable.

44. Labor Code section 226.7 and Section 12 of the applicable Wage Order both prohibit employers from requiring employees to work during required rest periods and require employers to pay non-exempt employees an hour of premium wages at the employees' regular rates of pay, on each workday that the employee is not provided with the required rest period(s).

45. Compensation for missed rest periods constitutes wages within the meaning of Labor Code section 200.

46. Labor Code section 1198 makes it unlawful to employ a person under conditions that violate the Wage Order.

47. Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class** with net rest period of at least ten uninterrupted minutes for each four hour work period, or major fraction thereof, as required by the applicable Wage Order.

48. At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-Class** members additional premium wages when required rest periods were not provided.

49. Pursuant to Labor Code section 204, 218.6 and 226.7, Plaintiff, on behalf of herself

9

1  and **Rest Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and
2  costs of suit.

3       50.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the
4  substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and **Rest**
5  **Period Sub-Class** members, seek to recover reasonable attorneys' fees.

6  **THIRD CAUSE OF ACTION**
7  **FAILURE TO PAY HOURLY AND OVERTIME WAGES**
8  **(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**
9  **(Plaintiff and Hourly Employee Class)**

10       51.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged
11  herein.

12       52.    At all relevant times, Plaintiff and **Hourly Employee Class** members are or have been
13  non-exempt employees of Defendants entitled to the full protections of the Labor Code and the
14  applicable Wage Order.

15       53.    Section 2 of the applicable Wage Order defines "hours worked" as "the time during
16  which an employee is subject to the control of the employer, and includes all the time the employee
17  is suffered or permitted to work, whether or not required to do so."

18       54.    Section 4 of the applicable Wage Order requires an employer to pay non-exempt
19  employees at least the minimum wage set forth therein for all hours worked, which consist of all hours
20  that an employer has actual or constructive knowledge that employees are working.

21       55.    Labor Code section 1194 invalidates any agreement between an employer and an
22  employee to work for less than the minimum or overtime wage required under the applicable Wage
23  Order.

24       56.    Labor Code section 1194.2 entitles non-exempt employees to recover liquidated
25  damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition
26  to the underlying unpaid minimum wages and interest thereon.

27       57.    Labor Code section 1197 makes it unlawful for an employer to pay an employee less
28  than the minimum wage required under the applicable Wage Order for all hours worked during a

1  payroll period.

2       58.    Labor Code section 1197.1 provides that it is unlawful for any employer or any other

3  person acting either individually or as an officer, agent or employee of another person, to pay an

4  employee, or cause an employee to be paid, less than the applicable minimum wage.

5       59.    Labor Code section 1198 makes it unlawful for employers to employ employees under

6  conditions that violate the applicable Wage Order.

7       60.    Labor Code section 204 requires employers to pay non-exempt employees their earned

8  wages for the normal work period at least twice during each calendar month on days the employer

9  designates in advance and to pay non-exempt employees their earned wages for labor performed in

10  excess of the normal work period by no later than the next regular payday.

11       61.    Labor Code section 223 makes it unlawful for employers to pay their employees lower

12  wages than required by contract or statute while purporting to pay them legal wages.

13       62.    Labor Code section 510 and Section 3 of the applicable Wage Order require employees

14  to pay non-exempt employees overtime wages of no less than one and one-half times their respective

15  regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in

16  excess of forty hours in one workweek, and/or for the first eight hours worked on the seventh

17  consecutive day of one workweek.

18       63.    Labor Code section 510 and Section 3 of the applicable Wage Order also require

19  employers to pay non-exempt employees overtime wages of no less than two times their respective

20  regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours

21  worked in excess of eight hours on a seventh consecutive workday during the workweek.

22       64.    Plaintiff is informed and believes that, at all relevant times, Defendants have applied

23  centrally devised policies and practices to her and **Hourly Employee Class** members with respect to

24  working conditions and compensation arrangements.

25       65.    At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly**

26  **Employee Class** members for all time worked, including but not limited to, overtime hours at

27  statutory and/or agreed rates.

28       66.    At all relevant times during the applicable limitations period, Defendants maintained

1    a policy or practice of automatically deducting one-half hour, or one hour, from Plaintiff and **Hourly**

2    **Employee Class** members' timecards on every workday for alleged meal period, regardless of

3    whether or not a compliant meal period was provided. Furthermore, what meal periods were taken by

4    **Hourly Employee Class** members were consistently interrupted by work.

5        67.    As a result of Defendants' policy or practice of automatically deducting one-half hour

6    or one hour from employees' timecards for every workday for a meal period, Plaintiff and **Hourly**

7    **Employee Class** members were required to perform off-the-clock work that Defendants either knew

8    or should have known they were working.

9        68.    Plaintiff is informed and believes that, at all relevant times during the applicable

10   limitations period, Defendants maintained a policy or practice of not paying hourly wages to **Hourly**

11   **Employee Class** members for all time worked, including but not limited to, overtime hours at

12   statutory and/or agreed rates by suffering or permitting them to work during unpaid meal periods.

13       69.    During the relevant time period, Defendants failed to pay Plaintiff and **Hourly**

14   **Employee Class** members all earned wages every pay period at the correct rates, including overtime

15   rates, because Defendants directed, permitted or otherwise encouraged Plaintiff and **Hourly**

16   **Employee Class** members to perform off-the-clock work, discussed herein.

17       70.    As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class**

18   members have suffered damages in an amount, subject to proof, to the extent they were not paid the

19   full amount of wages earned during each pay period during the applicable limitations period,

20   including overtime wages.

21       71.    Pursuant to Labor Code sections 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

22   behalf of herself and **Hourly Employee Class** members, seek to recover unpaid straight time and

23   overtime wages, interest thereon and costs of suit.

24       72.    Pursuant to Labor Code section 1194, Code of Civil Procedure section 1021.5, the

25   substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of herself and

26   **Hourly Employee Class** members, seek to recover reasonable attorneys' fees.

27   ///

28   ///

## FOURTH CAUSE OF ACTION

### FAILURE TO TIMELY PAY ALL FINAL WAGES

### (Lab. Code §§ 201-203)

### (Plaintiff and Waiting Time Penalties Sub-Class)

73.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged herein.

74.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members have been entitled, upon the end of their employment with Defendants, to timely payment of all wages earned and unpaid before termination or resignation.

75.    At all relevant times, pursuant to Labor Code section 201, employees who have been discharged have been entitled to payment of all final wages immediately upon termination.

76.    At all relevant times, pursuant to Labor Code section 202, employees who have resigned after giving at least seventy-two (72) hours notice of resignation have been entitled to payment of all final wages at the time of resignation.

77.    Plaintiff is informed and believes that, at all relevant time during the applicable limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class** members all of their final wages in accordance with the Labor Code.

78.    Plaintiff is informed and believes that, at all relevant times during the applicable limitations period, Defendants have maintained a policy or practice of paying **Waiting Time Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code sections 201 or 202 by failing to timely pay them all final wages.

79.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to her and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code sections 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

80.    Pursuant to Labor Code sections 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek waiting time penalties from the dates that their

1  final wages have first become due until paid, up to a maximum of thirty days, and interest thereon.

2    81.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

3  and/or the common fund doctrine, Plaintiff, on behalf of herself and **Waiting Time Penalties Sub-**

4  **Class** members, seek awards of reasonable attorneys' fees and costs.

5                    **FIFTH CAUSE OF ACTION**

6                    **UNFAIR COMPETITION**

7                (**Bus. & Prof. Code §§ 17200** *et seq.*)

8                    (**Plaintiff and UCL Class**)

9    82.    Plaintiff incorporates the preceding paragraphs of the Complaint as if fully alleged

10  herein.

11    83.    Business and Professions Code section 17200 defines "unfair competition" to include

12  any unlawful business practice.

13    84.    Business and Professions Code section 17203-17204 allow a person who has lost

14  money or property as a result of unfair competition to bring a class action in accordance with Code

15  of Civil Procedure section 382 to recover money or property that may have been acquired from

16  similarly situated persons by means of unfair competition.

17    85.    California law requires employers to pay hourly, non-exempt employees for all hours

18  they are permitted or suffered to work, including hours that the employer knows or reasonable should

19  know that employees have worked.

20    86.    Plaintiff and the **UCL Class** members re-alleges and incorporates the FIRST,

21  SECOND, and THIRD causes of action herein.

22    87.    Plaintiff lost money or property as a result of the aforementioned unfair competition.

23    88.    Defendants have or may have acquired money by means of unfair competition.

24    89.    Plaintiff is informed and believes and thereupon alleges that by committing the Labor

25  Code violations described in this Complaint, Defendants violated Labor Code sections 215, 216, 225,

26  226.6, 226.7, 354, 408, 512, 510, 553, 1175, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, which

27  make it a misdemeanor to commit the Labor Code violations alleged herein.

28    90.    Defendants have committed criminal conduct through their policies and practices of,

1  *inter alia,* failing to comport with their affirmative obligations as an employer to: provide non-exempt

2  employees with compliant meal and rest periods and pay non-exempt employees for all hours worked.

3      91.    Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes

4  unfair competition within the meaning of Business and Professions Code section 17200 *et seq.*

5  Business and Professions Code sections 17200 *et seq.* protects against unfair competition and allows

6  a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair,

7  unlawful or fraudulent business practice to seek restitution on his own behalf and on behalf of

8  similarly situated persons in a class action proceeding.

9      92.    As a result of Defendants' violations of the Labor Code during the applicable

10 limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form

11 of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

12      93.    Plaintiff is informed and believes that other similarly situated persons have been

13 subject to the same unlawful policies or practices of Defendants.

14      94.    Due to the unfair and unlawful business practices in violation of the Labor Code,

15 Defendants have gained a competitive advantage over other comparable companies doing business in

16 the State of California that comply with their legal obligations.

17      95.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive

18 for "any unlawful, unfair or fraudulent business act or practice," including if a practice or act violates

19 or is considered unlawful under any other state or federal law.

20      96.    Accordingly, pursuant to Business and Professions Code sections 17200 and 17203,

21 Plaintiff requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

22 Defendants, and each of them, and their agents and employees, from further violations of the Labor

23 Code and applicable Wage Orders.

24      97.    Accordingly, pursuant to Bus. & Prof. Code sections 17200 and 17203, Plaintiff

25 requests the issuance of temporary, preliminary and permanent injunctive relief enjoining

26 Defendants, and each of them, and their agents and employees, from further violations of the Labor

27 Code and applicable Industrial Welfare Commission Wage Orders; and upon a final hearing seek an

28 order permanently enjoining Defendants, and each of them, and their respective agents and

1  employees, from further violations of the Labor Code and applicable Industrial Welfare Commission

2  Wage Orders.

3       98.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

4  himself and **UCL Class** members, seek declaratory relief and restitution of all monies rightfully

5  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

6  and unfair business practices.

7       99.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

8  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

9  reasonable attorneys' fees in connection with their unfair competition claims.

10      100.    Pursuant to Business and Professions Code section 17203, Plaintiff, on behalf of

11  himself and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully

12  belonging to them that Defendants did not pay them or otherwise retained by means of its unlawful

13  and unfair business practices.

14      101.    Pursuant to Code of Civil Procedure section 1021.5, the substantial benefit doctrine

15  and/or the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover

16  reasonable attorneys' fees in connection with their unfair competition claims.

17                          **PRAYER FOR RELIEF**

18      WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general

19  public, prays for relief and judgment against Defendants as follows:

20          (1)    An order that the action be certified as a class action;

21          (2)    An order that Plaintiff be appointed class representative;

22          (3)    An order that counsel for Plaintiff be appointed class counsel;

23          (4)    Unpaid wages;

24          (5)    Actual damages;

25          (6)    Liquidated damages;

26          (7)    Restitution;

27          (8)    Declaratory relief;

28          (9)    Pre-judgment interest;

CLASS ACTION COMPLAINT

(10)   Statutory penalties;

(11)   Civil penalties;

(12)   Costs of suit;

(13)   Reasonable attorneys' fees; and

(14)   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.

Dated:  December 16, 2020                SETAREH LAW GROUP

Shaun Setareh
David Keledjian
Attorneys for Plaintiff
VIET NGUYEN

CLASS ACTION COMPLAINT

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| David Keledjian (SBN 309135)<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, California 90212<br><br>TELEPHONE NO.: (310) 888-7771    FAX NO. *(Optional):* (310) 888-0109<br>ATTORNEY FOR *(Name):* VIET NGUYEN | **ENDORSED<br>FILED<br>ALAMEDA COUNTY**<br><br>DEC 17 2020<br><br>CLERK OF THE SUPERIOR COURT<br>By M. Williams<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME:
NGUYEN v. SMITHS DETECTION, INC., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG20084058 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |
| | | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [x] Large number of separately represented parties  d. [x] Large number of witnesses
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [x] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [x] Substantial amount of documentary evidence  f. [x] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [x] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 16, 2020

David Keledjian, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition