UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIET NGUYEN,

    Plaintiff,

v.

SMITHS DETECTION INC.,

    Defendant.

Case No. 21-cv-00800-JD

**ORDER RE REMAND AND CASE MANAGEMENT CONFERENCE**

Re: Dkt. No. 15

Plaintiff Viet Nguyen, on behalf of himself and a putative class of non-exempt hourly employees, sued defendant Smiths Detection, Inc., for wage and hour claims under California state law. Dkt. No. 1-1. The complaint was originally filed in the Alameda County Superior Court, and was removed by Smiths Detection under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Dkt. No. 1.[1] Nguyen has asked for the case to be remanded on the ground that Smiths Detection has not plausibly established the $5 million minimum amount in controversy required for CAFA jurisdiction. Dkt. No. 15. The parties' familiarity with the record is assumed, and a remand is denied. The request for judicial notice, Dkt. No. 1-4, is denied, and the Court did not rely on any of the proffered materials.

**DISCUSSION**

The Court has detailed the standards for CAFA removal in several decisions, and incorporates the standards here. *See Moore v. Dnata US Inflight Catering LLC*, Case No. 20-cv-

---

[1] Smiths Detection removed the case on February 1, 2021, Dkt. No. 1, which was 32 days after it was served with the complaint on December 31, 2020, *see* Dkt. No. 1-1 at 2. Even so, Smiths Detection says that removal was timely. Dkt. No. 1 ¶ 7. Nguyen did not argue otherwise or contest timeliness, and so any objection to timeliness has been waived. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014).

08028, 2021 WL 3033577, at *1 (N.D. Cal. July 19, 2021); *Anderson v. Starbucks Corp.*, No. 3:20-cv-01178-JD, 2020 WL 7779015, at *2 (N.D. Cal. Dec. 31, 2020). Nguyen does not contest the minimum diversity of citizenship required under CAFA, nor does he contend that the putative class is less than 100 individuals. The only disputed issue is whether Smiths Detection has plausibly demonstrated that the amount in controversy exceeds the $5 million statutory threshold for CAFA jurisdiction.

      Smiths Detection has carried its burden. To start, Nguyen's objection to the evidentiary declaration by the vice president of human resources at Smiths Detection, Dkt. No. 1-10 (Wideman Decl.), is overruled. Declarations of this type are routinely considered in remand motions. *See, e.g., Anderson*, 2020 WL 7779015, at *3 (declaration by a human resources administrator admissible where the "statements about the number of prospective class members, and their collective work months, are grounded in [defendant's] business records"). Nguyen has not offered a good reason to call this evidence into question, and there is nothing in the record presently before the Court that indicates the contents of the declaration are in any way unreliable. To the extent Nguyen demands more detailed and specific data, the request is misdirected. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019) (an employer does not need to "provide evidence proving the assumptions" it relies on are correct because there is no requirement that an employer "prove it actually violated the law at the assumed rate").

      To establish the amount in controversy for CAFA jurisdiction, a defendant need only "'plausibly show that it is reasonably possible that the potential liability exceeds $5 million.'" *Anderson*, 2020 WL 7779015, at *2 (quoting *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020)). "'[P]rospective attorneys' fees must be included in the assessment of the amount in controversy.'" *Id.* (quoting *Arias*, 936 F.3d at 922). A plaintiff need not introduce extrinsic evidence of his own to challenge the defendant's estimates. He may rely entirely on "'a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence.'" *Id.* at *2 (quoting *Harris v. KM Indus., Inc.*, 980 F.3d 694, 700 (9th Cir. 2020)). That is what Nguyen has done here. He contests Smiths Detection's evidence and reasoning, without introducing any evidence of his own.

In the notice of removal, Smiths Detection posited that the amount in controversy for the four Labor Code claims in the complaint, plus an estimated 25% recovery for attorney's fees, totaled over $9.2 million. Dkt. No. 1 ¶ 35. For purposes of opposing remand, Smiths Detection offered a more conservative estimate of approximately $5.3 million or more based on reductions that arguably favor plaintiff's perspective. Dkt. No. 15 at 14.

Smiths Detection has plausibly shown that the amount in controversy for the meal break violations is approximately $1.79 million. Dkt. No. 16 at 7-8. The Wideman declaration used payroll records to identify a putative class of approximately 191 non-exempt hourly employees in California from the period between April 17, 2017, to January 29, 2021. Dkt. No. 1-10 at ¶ 7.[2] Smiths Detection determined that it employed approximately 89 workers for each pay period, who worked an average of 8.18 hours per shift at an average rate of $33.75 per hour. *Id.* ¶ 8. In the opposition brief, Smiths Detection estimated a 60% violation rate for the meal break claim, substantially down from the 80% violate rate stated in the notice of removal. Smiths Detection did not posit an unreasonable 100% violation rate, which has been cause for a remand in other cases. *See, e.g.*, *Moore*, 2021 WL 3033577 at *2; *Collins v. Hilton Mgmt. LLC*, No. 21-CV-02523-JD, 2021 WL 2981977, at *2 (N.D. Cal. July 15, 2021) (employer's assumptions were reasonable where it "did not assume a 100% violation rate at all times" but instead "estimated a much lower rate of violations, which fully accord[ed] with the allegations in the complaint and [was] reasonable in these circumstances."); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("In determining the amount in controversy, courts first look to the complaint.").

Nguyen does not meaningfully impeach the reasonableness of this evidence or reasoning. The allegations in the complaint are consistent with a 60% violation rate. Nguyen alleges that Smiths Detection "had a policy of automatically deducting thirty minutes" from plaintiffs'

---

[2] This period was not "conjured out of thin air with no evidentiary support," as Nguyen contends, Dkt. No. 15 at 10, but is within the class period alleged in the complaint, *see* Dkt. No. 1-1 ¶ 13, with some shortening in a remand-friendly manner. As stated in the declaration, this time period is based on Smiths Detection's employee records, from which Wideman compiled "a report of the number of non-exempt California employees employed by Smiths Detection between April 7, 2017, to January 29, 2021." Dkt. No. 1-10 ¶ 7. It is further stated, without dispute, that April 7, 2017, is the date on which Smiths Detection acquired Nguyen's prior employer, Morpho Detection, LLC. *Id.* ¶ 6.

3

paychecks for "unpaid meal periods which they were systemically denied." Dkt. No. 1-1 ¶ 22. Putative class members are said to have been denied meal periods because of Smiths Detection's "policy of not scheduling or recording each meal period as part of each work shift." *Id.* ¶ 23. In addition, "what meal periods were taken by putative class members were consistently interrupted by work . . . [and were] consistently taken after the completion of their fifth hour of work." *Id.* As these excerpts demonstrate, the theme of the complaint is that meal breaks were "systemically" denied and "consistently" noncompliant, and that Smiths Detection maintained a "common policy and practice of automatically deducting 30 minutes" of time from plaintiffs' paychecks for meal breaks that were not taken. *Id.*

Smiths Detection has also shown that the reasonable maximum recovery for the rest break claim is approximately $2.98 million. *See Arias*, 936 F.3d at 927 (maximum recovery); Dkt. No. 16 at 9. For this claim, Smiths Detection did posit a 100% violation rate based on allegations in the complaint that putative class members "were *never* provided the opportunity to take uninterrupted rest breaks." Dkt. No. 1-1 ¶ 24 (emphasis added). The assumed violation rate is reasonable on light of this claim. *See Anderson*, 2020 WL 7779015, at *4 (finding a 100% violation rate appropriate based on the allegations in the complaint).

Taken together, the meal and rest break claims reasonably put $4.77 million at stake in the litigation. Smiths Detection crosses the $5 million CAFA threshold by estimating a 25% award of attorneys' fees and costs based on these claims. The complaint expressly seeks "reasonable attorneys' fees," Dkt. No. 1-1, Prayer for Relief, and the Court has concluded that a 25% award is reasonable in these circumstances. *See Anderson*, 2020 WL 7779015, at *4; *Collins*, 2021 WL 2981977, at *3. Consequently, the amount in controversy for removal purposes is properly increased by $1.19 million in fees and costs (25% of $4.77 million), which brings the total amount at stake above the statutory minimum. The Court need not take up the valuation of the unpaid wages and waiting time penalties, but they presumably would raise the amount in controversy even higher.

**CONCLUSION**

The case was properly removed to federal court under CAFA.  A remand is denied.  The parties are directed to schedule an initial case management conference in June 2022.

**IT IS SO ORDERED.**

Dated:  March 9, 2022

_____
JAMES DONATO
United States District Judge